UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| MICHAEL D. ROSSI and<br>JULIE P. ROSSI,<br>           Plaintiffs<br>v.<br><br>NELSON, WATSON & ASSOCIATES,<br>LLC,<br>           Defendant | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

1

(hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacted business here in Pennsylvania.

## PARTIES

5. Plaintiff, Michael D. Rossi is a natural person who resides in the Town of Albrightsville, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff, Julie P. Rossi is a natural person who resides in the Town of Albrightsville, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Nelson, Watson and Associates, LLC (hereinafter referred to as "Nelson" or "Defendant") is a business entity engaged in the practice of law with an office located at 80 Merrimack Street (Lower Level), Haverhill, Massachusetts 01830.

8. Defendant, Nelson regularly attempts to collect debts alleged to be due to another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. At all times relevant to this Complaint, Defendant transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff, Michael D. Rossi, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a Capital One credit card.

11. Due to circumstances beyond his control, Plaintiff allegedly was unable to make his monthly payments and his account became delinquent.

12. Mr. Rossi's account was subsequently assigned, sold or otherwise transferred to Defendant in or around the Fall of 2010.

13. In an attempt to collect said alleged debt, Defendant began contacting Mr. Rossi via telephone and U.S. Mail.

14. On or around October 22, 2010, Plaintiff, Julie P. Rossi received a telephone call from an agent/employee of Defendant who stated he was attempting to collect a debt.

15. During the October 22nd telephone call to Plaintiff, Defendant's agent/employee advised Mrs. Rossi he was calling from a collection agency on behalf of Capital One.

16. Defendant's agent/employee further advised Mrs. Rossi during the October 22nd telephone call there was a judgment against both her and her husband and that payment was needed.

17. Upon information and belief no judgment was entered against either Plaintiff regarding the alleged Capital One account.

18. Mrs. Rossi's name was not listed on the alleged account nor was she a co-obligor on the account. Mrs. Rossi had no financial liability with respect to the alleged account.

19. Despite the fact no judgment was ever entered and that Mrs. Rossi had no financial obligation on the account, Defendant falsely and deceptively stated a judgment was entered against Plaintiffs in order to coerce payment.

20. Plaintiffs were shocked, frightened and embarrassed to learn from Defendant that a judgment had been entered against them.

21. Defendant's false statement that a judgment was entered against Plaintiff's was false, deceptive and in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

22. The acts and omissions of Defendant's agent/employee, as described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant Nelson.

23. The acts and omissions by Defendant's agent/employee were incidental to or of the same general nature, as the responsibilities

Defendant authorizes its agents to perform in collecting consumer debts.

24. In committing these acts and omissions against Plaintiffs, Defendant's agent/employees was motivated to benefit his principal, Defendant Nelson.

25. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions of its agents/employees conducted in violation of state and federal law, including by not limited to violations of the FCPDA.

26. Defendants' illegal collection tactics have directly and proximately caused Plaintiff to experience extreme emotional distress, mental anguish, fear, embarrassment, humiliation, and frustration.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

29. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendant's actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: 3/17/11                    **RAPA LAW OFFICE, P.C.**

By: _s/Jason M. Rapa_
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Michael D. Rossi, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 3/21/11

Michael D. Rossi

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Julie P. Rossi, depose and say as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
14. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 3-21-11

Julie P. Rossi